IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                  CR. No. 17-370 JCH

IMAD AYSHEH, *also known as*
IMAD MANASSRA, IYAD AYSHEH,
NEDAL AYSHEH and RAED AYSHEH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendants' *Opposed Joint Motion for Jury Pool to View Unconscious Bias Juror Video* (ECF No. 390). Defendants ask the Court to order the jury pool to view a video on unconscious bias created by the United States District Court for the Western District of Washington. *See* Defs.' Mot. 1, ECF No. 390. Defendants argue it is important to show the video to the potential jurors in this case because the Defendants are Muslims and Palestinians, "groups that have historically been victims of bias and even hatred in this country." *Id.* at 4. They contend that these biases are exacerbated by the current war between Israel and Hamas, pointing to the documented uptick in both antisemitic and Islamophobic attacks since the start of the war in October 2023. *See id.*

        The United States notes that this Court previously rejected a request to show the video on unconscious bias to a jury pool. *See* Pl.'s Resp. 1, ECF. No 394 (citing *United States v. Mercado-Gracia*, No. 16-cr-1701 (D.N.M. 2019) (ECF No. 182) (Herrera, J.) (concluding that video was not necessary to protect defendant's trial rights nor an efficient use of Court time), *aff'd* 989 F.3d 829, 840 (10th Cir. 2021) ("While a trial court, in the exercise of its discretion, might decide to

show such a video during voir dire, we cannot say here that the court abused its discretion in declining to do so.").

Defendants recognize the Court's concerns about efficiency and suggest that the video be played for jurors in the jury room before *voir dire* begins, adding about 15 minutes in total to the juror orientation process—time that could be used by the Court and parties to address last-minute *voir dire* or trial issues. Defs.' Mot. 7, ECF No. 390. They assert that the educational benefits of the video greatly outweigh any inconvenience to prospective jurors. *See id.*

The Court agrees that the jury pool would benefit from viewing the video on unconscious bias given the unique circumstances present in this case. Trial courts have "ample discretion" in deciding how to conduct *voir dire*. *United States v. Mercado-Gracia*, 989 F.3d 829, 839 (10th Cir. 2021). The Defendants' race and religion, considered concurrently with the ongoing war between Israel and Hamas, present circumstances different than those in *Mercado-Gracia* and require different measures to promote fairness. Additionally, Defendants' proposal to play the video during juror orientation instead of when the Court is in session mitigates the Court's concerns about efficiency. Ultimately, the video's potential benefit of helping jurors understand their unconscious biases—especially at a time when there has been a documented uptick in bias against members of the Defendants' race and religion—is greater than the cost of any slight delay showing the video might cause. Accordingly, the Court concludes the motion should be granted.

**IT IS THEREFORE ORDERED** that Defendants' *Opposed Joint Motion for Jury Pool to View Unconscious Bias Juror Video* (ECF No. 390) is **GRANTED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**