Case 1:17-cr-00370-JCH-LF   Document 460   Filed 04/25/24   Page 1 of 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                                                         CR. No. 17-370 JCH

**IMAD AYSHEH,** *also known as*
**IMAD MANASSRA, IYAD AYSHEH,**
**NEDAL AYSHEH, RAED AYSHEH and**
**NAEL ALI,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    This case is before the Court on Defendants' *Motion to Exclude Government Witnesses As Sanction for Violation of Court Order* [Doc. 433]. The Government has filed its response [Doc. 434] and the Defendants their reply [Doc. 446].

    In this motion, Defendants ask the Court to prohibit the Government from calling certain witnesses as a sanction for its failure to disclose *Giglio* materials that it had promised to produce. The Defendants argue that the Government has taken inconsistent positions on its *Giglio* disclosures by first indicating that it had *Giglio* materials to disclose and promising to do so, then silently failing to meet a deadline to disclose those documents, and then finally stating that it had already produced everything *Giglio* required. In response, the Government stated that it had provided Defendants with discovery relating to the criminal histories of five civilian witnesses, but it argued that those materials are not true *Giglio* because they do not relate to criminal history involving dishonesty or credibility. Doc. 434 at 2. Regarding the Government's law enforcement witnesses, the Government merely stated that "there is no information in the officers' files

requiring disclosure." Doc. 434 at 1. In their reply, the Defendants criticized the ambiguity of the Government's response regarding law enforcement witnesses. Defendants argued (though without citation to authority) that felony convictions for substance abuse-related crimes can be relevant to a witness' credibility and therefore are discoverable under *Giglio*. Finally, Defendants also asked the Court to order the Government to produce all undisclosed materials for *in camera* inspection by the Court.

At the call of the calendar held on April 23, 2024, the Government clarified its position. The Government stated that when it indicated that it would be producing *Giglio* materials, it did not realize that it had already provided Defendants with those materials pertaining to civilian witnesses.[1] With regard to law enforcement witnesses, the Government asserted that its search had yielded only materials which in its estimation did not qualify for disclosure. However, the Government agreed to produce those items to the Court for *in camera* review. It provided that information to the Court on April 24, 2024.

The Government is required to disclose "evidence favorable to an accused upon request ... where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Similarly, the Government must also disclose any information that may impeach the credibility of a Government witness. *Giglio v. United States*, 405 U.S. 150, 154 (1972). The Court has conducted an *in camera* review of the information provided by the Government and concluded that it does not meet the standard set forth under either *Brady* or *Giglio*. Accordingly, the Government is under no

---

[1] The Government contends that while it produced the information on civilian witnesses out an abundance of caution, none of that discovery can be used for impeachment because it does not bear upon the credibility of the witnesses. That issue is not currently before the Court, and therefore the Court expresses no opinion.

obligation to produce the information to Defendants, and its failure to do so should not result in any sanction.

      **IT IS THEREFORE ORDERED** that the Defendants' *Motion to Exclude Government Witnesses As a Sanction for Violation of Court Order* [Doc. 433] is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**